UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

LANCE FRAZIER                                                             PLAINTIFF

vs.                                                                   Civil No. 3:24-cv-00262-GHD-JMV

JUSTIN LUTHER, individually and
d/b/a LUTHER PROPERTIES, LLC; PHILLIP
KENNEDY; and ANGIE KENNEDY                         DEFENDANTS

## MEMORANDUM OPINION

Presently before this Court is Defendants Justin Luther and Luther Properties, LLC's (collectively "Defendant Luther") Motion to Dismiss [Doc. No. 7] which Defendants Phillip and Angie Kennedy ("the Kennedys") joined, submitting their own Motion to Dismiss [13] simultaneously. This is in response to Plaintiff Lance Frazier's ("Plaintiff") Complaint [1] alleging Fair Housing Act (FHA)[1] violations, a Mississippi trespass claim,[2] and a Mississippi conversion claim against Defendant Luther while also alleging a breach of contract claim against the Kennedys [1]. Plaintiff has responded to the defendants' motions to dismiss [7; 13], making the issue ripe for decision. Having duly considered arguments from both parties, the Court finds Defendant Luther's Motion to Dismiss [7] should be granted in part and denied in part while Defendants Phillip and Angie Kennedy's Motion to Dismiss [13] should be denied for the reasons set forth in this opinion.

### *I.*     *Background*

Beginning on October 1, 2015, Plaintiff—a black man—began renting a home from the Kennedys at 205B West Reynolds Street in Pontotoc, Mississippi [1]. He continued to do so when he entered a new lease with the Kennedys on March 22, 2022, with its term ending on

---

[1] 42 U.S.C. § 3601 *et seq.*
[2] Miss. Code Ann. § 89-8-39.

March 31, 2023 [*Id.*]. At some point thereafter, Plaintiff applied to the state Rental Assistance for Mississippians Program (RAMP) and received an approval letter on June 9, 2022 [1-2]. That letter clarified payment was to be made to the landlord, listing Phillip D. Kennedy as such, with a "Period of Assistance" from "6/1/2022 to 8/31/2022" [1-2]. Plaintiff alleges the Kennedys accepted the RAMP payments for those months [1]. However, the Kennedys sold and deeded 205B West Reynolds Street to Luther Properties, LLC on May 31, 2022 [13-1].[3] Defendant Luther Properties, LLC "is a Mississippi limited liability company" with Defendant Justin Luther acting as its sole member [1].

Sometime prior to August 22, 2022, Defendant Luther began demanding payment from Plaintiff who claimed, and allegedly provided proof, RAMP had paid the rent [1]. Strained tensions between Plaintiff and his landlord continued until Defendant Luther[4] filed to evict Plaintiff in the Justice Court of Pontotoc County on August 22, 2022 [7-1]. A hearing was set for September 13, 2022, but Defendant Luther filed a police report [7-2] on September 2, 2022, claiming Plaintiff stole an air conditioning unit from the rental property [7-2]. Plaintiff claims he owned the air conditioning unit [1]. Plaintiff further alleges, after Defendant Luther filed the police report, Defendant Luther changed the locks on the rental property's doors, told Plaintiff, "Ain't no black man going to owe me money," and then "disposed of all of Plaintiff's property" [1]. The Justice Court then granted Plaintiff's eviction on September 13, 2022, and later, Plaintiff was found guilty of petit larceny in Pontotoc Municipal Court on October 18, 2022 for stealing the air conditioner [7-2]. This litigation followed.

---

[3] The Court may take judicial notice of matters of public record, including judicial records. *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 416 (5th Cir. 2021).

[4] For clarity's sake, the "Complaint for Residential Eviction" filed in the Justice Court of Pontotoc County lists "Luther Properties" as the landlord.

2

## *II.  Standard of Review*

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (per curiam) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). "[A plaintiff's] complaint therefore must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007))). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955).

In other words, "plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (per curiam) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *Emesowum v. Houston Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (per curiam) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955).

As for Rule 12(b)(1), motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. Fed. R. Civ. P. 12(b)(1). Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Ramming*, 281 F.3d at 161. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). As the Fifth Circuit directs, "When a 12(b)(1) motion is filed with other Rule 12 motions, [this Court] first considers its jurisdiction." *McLin v. Twenty-First Jud. Dist.*, 79 F.4th 411, 415 (5th Cir. 2023) (citing *Ramming*, 281 F.3d at 161).

### III. Discussion and Analysis

### A. Subject Matter Jurisdiction

Defendants contend this Court should dismiss Plaintiff's claims pursuant to the *Rooker-Feldman* doctrine[5] [8; 15] which "[r]educed to its essence, . . . holds that inferior federal courts do not have the power to modify or reverse state court judgments except when authorized by Congress." *Burciaga v. Deutsche Bank Nat'l Trust Co.*, 871 F.3d 380, 384 (5th Cir. 2017) (citing *Truong v. Bank of America, N.A.*, 717 F.3d 377, 382 (5th Cir. 2013) (quoting *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004))) (internal quotation marks omitted).

---

[5] The doctrine derives its name from *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)).

4

To be sure, the *Rooker-Feldman* doctrine "is a 'narrow' jurisdictional bar,"[6] but it "does not prohibit a plaintiff from presenting some *independent* claim, albeit one that denies a legal conclusion that a state court has reached in a case to which [the plaintiff] was a party." *Uptown Grill, L.L.C., v. Camellia Grill Holdings, Inc.*, 46 F.4th 374, 384 (5th Cir. 2022) (citing *Truong*, 717 F.3d at 382) (internal quotation marks omitted) (emphasis added). However, those claims which are *not independent* but are "inextricably intertwined"—that is, "reversal of the state court's judgment would be a necessary part of the" plaintiff's requested relief—are barred. *Salinas v. U.S. Bank Nat. Ass'n*, 585 F. App'x 866, 867 (5th Cir. 2014) (citing *Exxon*, 544 U.S. at 291; *Davis v. Bayless*, 70 F.3d 367, 375 (5th Cir. 1995)) (internal quotation marks omitted).

The doctrine is comprised of "four elements: (1) a state-court loser; (2) alleging harm caused by a state-court judgment; (3) that was rendered before the district court proceedings began; and (4) the federal suit requests review and reversal of the state-court judgment." *Burciaga*, 871 F.3d at 384 (quoting *Houston v. Venneta Queen*, 606 F. App'x 725, 730 (5th Cir. 2015) (citing *Exxon Mobil*, 544 U.S. at 280)) (internal quotation marks omitted). In the case *sub judice*, it is clear the first three elements are met. Specifically, Plaintiff lost regarding his eviction and was convicted of his petit larceny charge [7-1; 7-2]; he repeatedly claims his eviction and conviction were "wrongful," causing "emotional distress, lost family heirlooms, and [deprivation] of personal property" [1]; and both the eviction [7-1] and conviction [7-2] were rendered approximately two years prior to Plaintiff filing his Complaint [1] in this Court. Thus, this Court need only determine whether Plaintiff's suit "requests review and reversal of the state-court judgment[s]." *Burciaga*, 871 F.3d at 384.

---

[6] *Miller v. Dunn*, 35 F.4th 1007, 1010 (5th Cir. 2022) (citing *Lance v. Dennis*, 546 U.S. 459, 464 (2006) (per curiam); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

5

In *Land and Bay Gauging, L.L.C. v. Shor*, the Fifth Circuit placed considerable emphasis on the timing of a plaintiff's injury in determining whether the *Rooker-Feldman* doctrine applies. 623 F. App'x 674, 679-80 (5th Cir. 2015) (citing *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010)). There, in discussing claims barred by *Rooker-Feldman*, the Fifth Circuit wrote, "The *timing of the injury* was when the Appellees took possession of the property belonging to Black *after obtaining the court orders*. Thus, *the timing indicate[d]* that the judgment itself was the source of these injuries." *Id.* at 679 (emphasis added). The reasoning in *Shor* is applicable in the case *sub judice* because each of the injuries Plaintiff pleads occurred *prior to* Defendant Luther's obtaining any court orders. The *Shor* plaintiff, arguing a separate claim from those discussed above, "allege[d] the [defendant] entities' *conduct in seeking* the judgment—not the judgment itself—" was the basis for his claim. *Id.* at 680 (emphasis in original). The Fifth Circuit found *Rooker-Feldman* did not bar this claim. *Id.* This reasoning is more in line with the case at hand; therefore, the *Rooker-Feldman* doctrine does not bar this Court from maintaining jurisdiction over Plaintiff's claims.

### B. Motion to Dismiss

Having found *Rooker-Feldman* does not bar Plaintiff's claims, the Court conducts a 12(b)(6) analysis. Plaintiff's Complaint [1] alleges Defendant Luther violated Title VIII of the Civil Rights Act of 1968 or, more colloquially, the Fair Housing Act (FHA), which prohibits discrimination in housing based on race and other protected classes. 42 U.S.C. § 3601 et. seq. Specifically, Plaintiff claims Defendant Luther violated 42 U.S.C. §§ 3604 and 3617 when he stated, "Ain't no black man going to owe me money" and evicted Plaintiff [1, p.6 (internal quotation marks omitted)]. Further, Plaintiff alleges a Mississippi trespass claim,[7] and a Mississippi conversion claim against Defendant Luther while also alleging a breach of contract

---

[7] Miss. Code Ann. § 89-8-39.

claim against the Kennedys [1]. The Court begins with the FHA claim brought under 28 U.S.C. § 1331 federal question jurisdiction because the state law claims brought under 28 U.S.C. § 1367 supplemental jurisdiction require a companion federal claim or face dismissal.

### 1. *42 U.S.C. §§ 3604(a)-(b)*

Starting with Section 3604, Plaintiff's Complaint [1] specifically points to subsections (a), (b), and (c) of that statute. Those subsections state in relevant part:

> (a) To refuse to . . . rent after the making of a bona fide offer, or to refuse to negotiate for the . . . rental of, or otherwise make unavailable or deny, a dwelling to any person because of race [or] color.
>
> (b) To discriminate against any person in the terms, conditions, or privileges of . . . rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race [or] color.
>
> (c) To make, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on race [or] color, . . . or an intention to make any such preference, limitation, or discrimination.

42 U.S.C. § 3604(a)-(c). Section 3604(a) applies to the case *sub judice* because "the Fifth Circuit held open the possibility that actual or constructive eviction could qualify as refusal to rent under section 3604(a)." *Hughes v. Bouchon Prop. LLC*, Civ. Action No.: 24-103, 2024 WL 2784626, *3 (E.D. La. May 30, 2024) (citing *Cox v. City of Dallas*, 420 F.3d 734, 742 (5th Cir. 2005) (citing supporting authority from other circuits))). The same is true for section 3604(b) because it "may encompass the claim of a current . . . renter for attempted and unsuccessful discrimination relating to the initial . . . rental or for actual or constructive eviction." *Cox*, 430 F.3d at 746-47 (citing *Woods Drake v. Lundy*, 667 F.2d 1198 (5th Cir. 1982)). For the purposes of this opinion then, both sections require a full analysis as this Court accomplishes collectively below.

"Disparate treatment is deliberate discrimination," which Plaintiff alleges. *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 909 (5th Cir. 2019) (citing *Munoz v. Orr*,

7

200 F.3d 291, 299 (5th Cir. 2000)) (internal quotation marks omitted). With a disparate treatment claim, a plaintiff must show a "protected trait (e.g., race) motivated the challenged action." *Treece v. Perrier Condo. Owners Assoc., Inc.*, 593 F.Supp.3d 422, 435 (E.D. La. 2022) (citing *Inclusive Cmtys.*, 920 F.3d at 910). "A plaintiff may prove disparate treatment by direct evidence or circumstantial evidence." *Id.* (citing *Inclusive Cmtys.*, 920 F.3d at 909-10; see also, *Texas v. Crest Asset Mgmt, Inc.*, 85 F.Supp.2d 722, 728 (S.D. Tex. 2000)). "Whether a plaintiff presents direct or circumstantial evidence of discrimination determines the framework in which the court must analyze the claim." *Id.* (citing *Crest Asset Mgmt.*, 85 F.Supp.2d at 728-30).

The Fifth Circuit defines "[d]irect evidence of discrimination [as] evidence which, if believed, would prove the existence of a fact . . . without *any* inferences or presumptions." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 958 (5th Cir. 1993); see also, *McMichael v. Transocean Offshore Deepwater Drilling, Inc.*, 934 F.3d 447, 456 (5th Cir. 2019) (emphasis added). Plaintiff contends Defendant Luther's alleged statement, "[a]in't no black man going to owe me money," [1, p. 6] is direct evidence of discrimination. This Court disagrees. While the statement seems "racially-tinged," inferences and presumptions are necessary to prove the existence of any discriminatory intent regarding the complained of actions and is therefore not direct evidence. *Gibson v. Verizon Serv. Org., Inc.*, 498 F. App'x 391, 394 (5th Cir. 2012); *Bodenheimer*, 5 F.3d at 958. Because no direct evidence is provided, Plaintiff's claims must be based on circumstantial evidence. The Court must therefore use the *McDonnell Douglas* burden-shifting framework[8] to determine whether Plaintiff's section 3604(b) claim is plausible. *Mandawala v. Struga Mgmt.*, No. 21-50644, 2023 WL 2712500, *4 (5th Cir. March 30, 2023) (citing *Crain v. City of Selma*, 952 F.3d 634, 641 (5th Cir. 2020) (citations omitted)).

---

[8] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

8

Under *McDonnell Douglas*, a plaintiff must first make a *prima facie* claim of disparate treatment under the FHA; that is, "(1) membership in a protected class, (2) that he applied and was qualified to rent or purchase housing[,] (3) that [he] was rejected, and (4) that the housing thereafter remained open to similarly situated applicants." *Id.* (citing *Crain*, 952 F.3d at 640-41) (edits in original) (internal quotation marks omitted). "The defendant is [then] given a chance to put forth a 'legitimate, non-discriminatory reason for the rejection.'" *Id.* (citing *Inclusive Comms.*, 920 F.3d at 911). Next, "'[t]he burden . . . shifts back to the plaintiff to rebut the reason offered . . . by showing it is a pretext for discrimination.'" *Id.* However, "[u]nder a disparate treatment theory, 'there can be no liability without a finding . . . the protected trait (*e.g.*, race) motivated the challenged action.'" *Id.* (citing *Inclusive Comms.*, 920 F.3d at 910). "The ultimate burden, however, remains with the plaintiff." *Id.* (citing *Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 468 (5th Cir. 2002)).

Ensuring it "liberally construe[s] [the complaint], with all reasonable inferences drawn in the light most favorable to [Plaintiff]," the Court begins with the *prima facie* showing. *Woodard*, 419 F.3d at 351. As a black man, Plaintiff is a member of a protected class. He was also qualified to rent the home, as evidenced by his residence there from 2015 until his eviction in 2022. An eviction is comparable to a rejection; therefore, the first three prongs are met. *Hughes*, 2024 WL 2784626 at *3. The final prong requires the rented property "remained available to rent for others," and while "the pleadings do not directly discuss this element, the Court can plausibly infer the property remained open for rental" because Defendant Luther Properties is in business to rent its owned properties for Defendant Luther's commercial benefit. *Id.* As in *Hughes v. Bouchon Properties LLC*, "[t]here is no affirmative evidence suggesting otherwise and, at this

9

early stage, these facts are sufficient." *Id.* Therefore, Plaintiff's sections 3604(a) and (b) claims are reasonably plausible and survive 12(b)(6).

### 2. *42 U.S.C. § 3604(c)*

The Court turns now to 42 U.S.C. § 3604(c). "To succeed on a claim under § 3604(c), a plaintiff must prove a defendant (1) made a statement (2) with respect to the . . . rental of a dwelling (3) that indicated a preference based on protected class membership." *Treece v. Perrier Condo. Owners Ass'n, Inc.*, Civ. Action No. 17-10153, 2049 WL 6464984, *5 (E.D. La. Dec. 2, 2019) (citing *Greater New Orleans Fair Hous. Action Ctr. v. Kelly*, 364 F.Supp.3d 635, 653 (E.D. La. 2019) (quoting *White v. United States Dep't of Hous. and Urb. Dev.*, 475 F.3d 898, 904-05 (7th Cir. 2007)). These prongs are considered under the 12(b)(6) standard where a "dismissal will be upheld only if 'it appears *beyond doubt* that the plaintiff can prove *no set of facts* in support of his claim which would entitle him to relief.'" *Woodard v. Andrus*, 419 F.3d 348, 351 (5th Cir. 2005) (citing *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957))) (emphasis added). That said, Plaintiff clearly alleges Defendant Luther (1) made a statement (2) regarding the rental of a dwelling when he said, "Ain't no black man going to owe me money." It is too early at this juncture for the Court to make a full determination on prong three, but Plaintiff at least alleges the above statement satisfies prong three. Therefore, Plaintiff's section 3604(c) claim is plausible on its face and survives 12(b)(6).

### 3. *42 U.S.C § 3617*

The Court now considers Plaintiff's final federal claim pled under 42 U.S.C. § 3617. That statue states in relevant part:

> It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed . . . any right granted or protected by section . . . 3604 . . . of this title.

42 U.S.C. § 3617. A section 3617 claim cannot stand alone but must be paired with another protected right (*e.g.*, section 3604 claims). *McZeal v. Ocwen Fin. Corp.*, No. 00-20817, 2001 WL 422375, *2 (5th Cir. March 28, 2001) ("Because his § 3605 claim fails, McZeal's claim under § 3617 must also fail."). Because Plaintiff's section 3604 claims survive 12(b)(6), a section 3617 analysis is necessary. Section 3617 claims are essentially retaliation claims under the FHA, and "[t]he burden-shifting framework applied in disparate treatment cases under Title VII is also used in retaliation cases." *Brown v. Harris Cnty. Hous. Auth.*, Civ. Action No. H-15-2847, 2018 WL 3080880, *11 (S.D. Tex. Jan. 11, 2018) (citing *Crest Asset Mgmt*, 85 F.Supp.2d at 733 (citing *Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996) (citing *McMillan v. Rust. Coll., Inc.*, 710 F.2d 1112, 1116 (5th Cir. 1983))). To succeed on such a claim, a plaintiff must show: "[1] [he] was engaging in a 'protected activity;' [2] the subsequent actions of the defendant were causally linked with [his] exercise of that protected activity; and [3] [he] suffered some resulting damage." *Scruggs v. Marshall Hous. Auth.*, No. 00-40216, 2000 WL 1273473, *2 (5th Cir. Aug. 23, 2000) (citing *San Pedro Hotel Co., Inc. v. City of Los Angeles*, 159 F.3d 470, 477 (9th Cir. 1998); 42 U.S.C. § 3617). Plaintiff has failed to plead he engaged in *any* protected activity; therefore, Plaintiff's section 3617 claim must be dismissed.

### *4. Trespass*

The Court turns now to Plaintiff's state law claims,[9] the first of which is trespass under Miss. Code Ann. § 89-8-39 which is Mississippi's eviction statute. Necessarily, the Court looks to the Residential Lease [7-3] attached in lengthier form to Defendant Luther's Motion to

---

[9] The Court notes at the outset the *Erie* doctrine applies; thus, the Court's determinations regarding the Plaintiff's state law claims are guided by Mississippi state law. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78-80 (1938); *Centennial Ins. Co. v. Ryder Truck Rental, Inc.*, 149 F.3d 378, 382 (5th Cir. 1998).

11

Dismiss and partially to Plaintiff's Complaint [1-1]. The Fifth Circuit has carved out a narrow exception to the general 12(b)(6) standards listed above where courts "may also consider documents that a defendant attaches to a motion to dismiss . . . if they are referred to in the plaintiff's complaint and are central to [his] claim." *Sligh v. City of Conroe, Texas*, 87 F.4th 290, 297-98 (5th Cir. 2023) (citing *Villarreal v. Well Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016) (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000))) (cleaned up) (internal quotation marks omitted). Plaintiff refers to the Residential Lease in his Complaint [1], attaches a portion of that Residential Lease to the Complaint [1-1], and relies heavily on that Residential Lease to make his state law claims; therefore, this Court may consider Defendant's attached Residential Lease [7-3].

Returning to the substance, Plaintiff alleges Defendant Luther committed trespass when he "changed Plaintiff's locks without warrant [depriving] Plaintiff of the opportunity to retrieve his personal property from the rental home" [1]. In Mississippi, "common-law trespass is simply an entry 'upon the land of another without a license or other right for one's own purpose.'" *Okhuysen v. City of Starkville*, 333 So.3d 573, 582 (Miss. Ct. App. 2022) (citing *Thomas v. Harrah's Vicksburg Corp.*, 734 So.2d 312, 316 (¶ 10) (Miss. Ct. App. 1999)). Here, it is clear Plaintiff's trespass claim is not plausible on its face because defendant had a legal right to enter the premises. The lease clearly grants Defendant the right to enter the property; specifically, it states:

> Lessee shall permit Lessor or Lessor's agents, representatives, or employees to enter the premises at all reasonable times for the purpose of inspecting the premises to determine whether Lessee is complying with the terms of this lease and for the purpose of doing other lawful acts that may be necessary to protect Lessor's interest in the premises under this lease.

[7-3, p. 4]. Further, the "Lessee shall be guilty of a material default and breach . . . should . . . any rent . . . be unpaid when due under this lease" [7-3, pp. 5-6]. If a material breach occurs the

lease grants the lessor the ability to "terminate Lessee's right to possession of the premises," which Defendant Luther did when he changed the locks. Therefore, Defendant Luther had a legal right to enter the premises and change the locks based on the Residential Lease. As a result, Plaintiff's trespass claim is not plausible on its face and must be dismissed pursuant to Rule 12(b)(6).

### 5. *Conversion*

The Mississippi Supreme Court has held:

> [T]o maintain an action for conversion, there must have been, on the part of the defendant, some unlawful assumption of dominion over the personal property involved, in defiance or exclusion of the plaintiff's rights, or else a withholding of the possession under a claim of right or title inconsistent with that of the plaintiff.

*4-Way Electric Serv., LLC v. Huntcole, LLC*, 366 So.3d 844, 850 (Miss. 2023) (quoting *First Investors Corp. v. Rayner*, 738 So.2d 228, 235 (Miss. 1999)) (edits in original). Plaintiff's Complaint [1] properly alleges an "unlawful assumption of dominion" by Defendant Luther over his property when Plaintiff was locked out of the rental premises and unable to gain access to his personal effects inside. Further, it is alleged Defendant Luther disposed of this property, and Plaintiff never regained dominion over it. This is enough to make a plausible claim for conversion; therefore, Plaintiff's conversion claim survives 12(b)(6).

### 6. *Breach of Contract*

Plaintiff's final claim of breach of contract applies only to Defendants Phillip and Angie Kennedy [1]. More specifically, Plaintiff alleges "the Kennedys wrongfully breached the covenant of quiet enjoyment when they failed to transfer RAMP funds to [Defendant] Luther, which resulted in Frazier's and his daughter's eviction" [*Id.*].

The Supreme Court of Mississippi clearly held in *Meyn v. City of Gulfport*, 570 So.2d 1198, 1200 (Miss. 1990), "absent express language to the contrary, real estate leases contain an

implied covenant of quiet enjoyment against lessor interference." Nothing in the Residential Lease [7-3] contradicts an implied covenant of quiet enjoyment; therefore, the Court must assume one exists. What is more, the covenant of quiet enjoyment is "broken only by eviction or the equivalent of eviction." *Bridges v. Heimburger*, 360 So.2d 929, 931 (Miss. 1978) (citing *Green v. Irving*, 54 Miss. 450 (1877); *Brunt v. McLaurin*, 178 Miss. 86, 172 So. 309 (1937)); see also, *Seymour v. Evans*, 608 So.2d 1141, 1147 (Miss. 1992). Further, "[t]he covenant[] of quiet enjoyment . . . [is] held to run with the land, and as such may be taken advantage of by a remote grantee." *Howard v. Clanton*, 481 So.2d 272, 275 (Miss. 1985). With this in mind, Plaintiff has stated a claim plausible on its face by alleging the Kennedys withheld rent from Defendant Luther causing Plaintiff's ultimate eviction.

## IV.  Conclusion

For all the foregoing reasons, the Court finds Defendant Justin Luther and Defendant Luther Properties, LLC's Motion to Dismiss [7] should be denied in part regarding Plaintiff's 42 U.S.C. § 3604(a)-(c) and conversion claims; and granted in part regarding Plaintiff's 42 U.S.C. § 3617 and trespass claims. The Court is also of the opinion Defendants Phillip and Angie Kennedy's Motion to Dismiss [13] should be denied.

An order in accordance with this opinion shall issue this day.

THIS the 7th day of April, 2025.

_____
SENIOR U.S. DISTRICT JUDGE