IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**LANCE FRAZIER**                                                                                            **PLAINTIFF**

**v.**                                                       **CIVIL ACTION NO.: 3:24-cv-262-GHD-JMV**

**JUSTIN LUTHER, INDIVIDUALLY and**
**d/b/a LUTHER PROPERTIES, LLC,**
**PHILLIP KENNEDY, and ANGIE KENNEDY**                            **DEFENDANTS**

### ORDER GRANTING MOTION TO COMPEL

This matter is before the court on the motion of Defendant Justin Luther, individually and d/b/a Luther Properties ("Luther"), to compel [Doc. 84]. For the reasons stated below, the Court finds that the motion shall be granted.

### Background

The Complaint in this Fair Housing Act case was filed on August 30, 2024 [Doc. 1]. The First Amended Complaint [Doc. 59] was then filed on June 11, 2025, wherein Plaintiff sues Luther for racial discrimination under the Fair Housing Act, conversion, and negligent infliction of emotional distress. Luther propounded Defendant's First Set of Interrogatories, Requests for Production of Documents, and Requests for Admissions on April 17, 2025 [Doc. 39]. Frazier served Responses to Requests for Admissions on Luther on May 7, 2025, [Doc. 48], and Responses to Defendant's First Set of Interrogatories and Requests for Production of Documents on June 9, 2025 [Doc. 57].

On July 3, 2025, counsel for Luther and Frazier conferred in good faith regarding, *inter alia*, Frazier's June 9, 2025, responses to Luther's Requests for Production 12 and 19 that are the subject matter of this dispute (Exhibit A – July 3, 2025, email). Frazier supplemented his response to Luther's Request for Production 19 on July 18, 2025, by providing a duly executed HIPAA

1

release for Frazier's medical records to Luther (Exhibit B – Supplemental Response and HIPAA releases). As propounded and answered, the request for production at issue read:

> **PRODUCTION REQUEST 12:** Please produce each and every one of your bank statements from July 1, 2022 through the present.
>
> **RESPONSE TO REQUEST 12:** Objection, this request is not reasonably calculated to

lead to the discovery of relevant admissible evidence, is overburdensome, and intrusive

> **PRODUCTION REQUEST 19:** Please execute before a notary public the following documents attached to these Requests for Production of Documents and return the same to Luther's counsel: (a) Authorization for Release of Employment Records; (b) Unemployment Records Release Authorization; (c) Administrative Records Release Authorization; (d) HIPAA Authorization for Use and Disclosure of Information (Excluding Psychotherapy Notes): (e) HIPAA Authorization for Use and Disclosure of Psychotherapy Notes; and (f) Authorization for Release of Pharmacy/Prescription/Drug Records.
>
> **RESPONSE TO REQUEST 19:** Objection, this request is overly burdensome and is not reasonably calculated to lead to the discovery of relevant admissible evidence. Without waiving said objection: Plaintiff will supplement this response with HIPPA releases for records supporting his negligent infliction of emotional distress claims when they are filed with the Court.
>
> **Supplemental RESPONSE TO REQUEST 19:** In addition to Plaintiff's original response and without waiving said objections: Please see the attached HIPAA releases. [Doc. 84] at Exh. L.[1]

The HIPAA releases attached to the supplemental response list specific healthcare providers (Creekmore Clinic, West Main Psychiatry and Counseling Clinic, and Baptist Memorial Hospital Union County) and authorize release of Frazier's "complete health record (including records relating to mental healthcare, communicable diseases, HIV or AIDS, and treatment of

---

[1] While not specifically quoted in the instant motion to compel, the supplemental response was attached to the motion as Exhibit L. While Plaintiff is correct that Luther did not quote verbatim Frazier's Supplemental Response to Request for Production 19 in his Motion to Compel as required by L.U. Civ. R. 37(c), the Court finds that in the interest of judicial economy, the failure to strictly comply with L.U. Civ. R. 37(c) in this instance will be excused.

2

alcohol or drug abuse). The first three releases request records from January 1, 2020, to present, and the fourth release requests records from January 1, 2022, to present.

On July 21, 2025, the Court conducted an unsuccessful informal discovery conference with all counsel present regarding Luther's objections to Frazier's discovery responses. [Doc. 74]. Of note, the current discovery deadline in the case is December 8, 2025.

In the instant motion, filed on August 26, 2025, Defendant Luther argues that the Court should order the production of Frazier's bank statements from July 1, 2022 (Request for Production 12), the execution of two HIPAA releases dating back to 2014, a Social Security Administration release, and an Administrative Release (Request for Production 19).

As for Request 12, Luther argues that because Frazier seeks damages claiming that Luther's "wrongful" actions caused him to become unhoused, Luther is entitled to discover whether the real reason Frazier cannot obtain independent housing is because of his dire financial condition rather than because of Luther's alleged "wrongful" conduct. These documents go directly to Frazier's claim that it is not money that prevents him from finding a residence, but Luther's conduct.

In opposition to producing the requested bank records, Frazier's counsel writes, in part: "On July 3, 2025, Luther's counsel and Frazier's counsel discussed Luther's bank statements, at which time Frazier's counsel explained to Luther's counsel that Frazier did not have a bank account at the time of his eviction herein, that bank statements subsequent to his eviction are irrelevant to the claims and defenses herein, and that Frazier would not produce them." [Doc. 90] at 4. Frazier's counsel further argued that Frazier "admits his poverty: he is proceeding *in forma pauperis* in this proceeding [Dkt # 2]. In his initial disclosures Frazier provided documents showing that his source of income is Social Security Disability in the amount of $1,942.00 per

3

month. Furthermore, in his Response to Luther's Interrogatory 12 Frazier stated that he was unemployed at the time of his eviction and since that time has tried, but failed, to do part-time work." *Id.* at 4-5.

As for the two medical release forms (also known as HIPAA forms) sought in Request 19 that do not place a limit on medical providers from whom information might be obtained and cover all treatments dating back to 2014, Luther argues that by placing his mental condition at issue, both Frazier's mental and physical medical record is indisputably relevant on both the issue of the cause of any alleged emotional distress or on the issue of exacerbation thereof, and that signing the releases is no burden on Frazier.

As for the social security administrative record and the Administrative Records Release (Request for Production 19), Luther contends that Frazier himself intends to rely on a part of his disability records as indicated by his disclosure of the same in his pre-discovery disclosures and as such," [i]t is wholly unfair to allow a plaintiff to choose portions of a prior legal hearing to submit as evidence; while not allowing the defendant to even discover the underlying facts in dispute." [Doc. 85] at 13. Further, Luther argues that these records are relevant on the issue of what portion of Frazier's preexisting depression, anxiety, or other mental health disorders can be apportioned from the depression, anxiety, or other mental health disorders allegedly caused by Luther's alleged conduct.

In opposition to Luther's request for the administrative record and HIPAA releases, Frazier argues first that Luther's request that he produce executed HIPAA releases should be dismissed because (1) the Defendants failed to quote verbatim Frazier's Supplemental Response to Request for Production 19 in which Frazier produced executed mental and physical HIPAA releases for each medical professional he identified as having seen since 2020, and (2) the HIPAA forms

4

Frazier prefers—addressed in blank to medical providers and going back to 2014—are unduly burdensome and unreasonable. With regard to the social security administrative release and the Administrative release, Plaintiff argues, generally, that the requests are overly burdensome to Frazier's privacy and dignity, irrelevant, and disproportionate to the needs of the claims and defenses.

**Law and Analysis**

Federal Rule of Civil Procedure Rule 26(b)(1) explains that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." The United States Supreme Court has held that the rules of discovery are to be accorded a broad and liberal treatment. *Hickman v. Taylor,* 329 U.S. 495, 507 (1947). And the courts in this district have recognized that "the scope of discovery is broad, and the rules provide that the information sought need not be admissible so long as the request is calculated to lead to the discovery of admissible evidence." *Harmon v. City of Southaven, Mississippi*, 2008 WL 1821467, at *2 (N.D. Miss. Apr. 22, 2008).

If a party fails to produce documents or answer an interrogatory under Federal Rules of Civil Procedure 33 and 34, then Rule 37(a)(3)(B) allows the other party to "move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). "The moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence." *Walker v. Hunt*, No. 1:19-CV-246-LG-RPM, 2021 WL 12307483, at *2 (S.D. Miss. Jan. 4, 2021). The party resisting the compulsion "must show specifically how each discovery request is not relevant or otherwise objectionable." *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). "A party must respond with candor and good faith in either providing the information

sought or stating a legitimate objection to doing so." *Burdette v. Panola Cnty.*, 2015 WL 1433462, at *1 (N.D. Miss. Mar. 31, 2015).

An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). But the court protects a resisting party if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

The Court prefaces this ruling by noting that in each instance below where the Court finds the motion is granted, due to the documents requested being reasonably calculated to lead to the discovery of admissible evidence, whether reiterated hereafter or not, the granting of the request is subject to the documents being reasonably accessible to Plaintiff in accordance with Federal Rule of Civil Procedure 26, their not having been produced already, and their not being claimed as privilege on a privilege log as required by the Federal Rules of Civil Procedure.

## A. <u>Production Request No. 12 for bank statements from July 1, 2022, through the present.</u>

Like tax returns, bank statements are "highly sensitive documents." *Natural Gas Pipeline Co. of America*, 2 F.3d 1397, 1411 (5th Cir. 1993). Accordingly, their discovery requires the requesting party to demonstrate both (1) that the requested financial information is relevant, and (2) that the information contained in the bank records is not otherwise readily obtainable through alternative forms of discovery. *Benefield v. Lockhart*, No. 115CV00190HSOJCG, 2016 WL 9782115, at *2 (S.D. Miss. June 13, 2016), citing *Butler v. Exxon Mobil Ref. & Supply Co.*, No. CIV. A. 07-386-C-M2, 2008 WL 4059867, at *2 (M.D. La. Aug. 28, 2008) (citations omitted). "It has also been

6

recognized by numerous courts that [financial] information is relevant where a plaintiff has placed the subject of his income/earning capacity at issue in litigation." *Id.* (citations omitted).

In this case, as discussed above, a disputed issue is whether, as Plaintiff contends, Luther's wrongful conduct has caused him to be homeless since his eviction while Luther contends that Plaintiff's homelessness is due to his lack of income to pay rent, a circumstance not caused by any conduct of Luther. And while the court appreciates that Plaintiff's counsel has represented that Frazier is and was at all times relevant here indigent due to reasons unassociated with Luther, counsel's informal representation alone on that issue is insufficient given Plaintiff's apparent intention to assert that his continued homelessness since eviction is, in fact, due to Luther's complained of conduct. In short, the banking records, to the extent they exist, are discoverable.

**B. Production Request No. 19 for the HIPAA forms, Social Security Administrative Release, and Administrative Release**

As for the HIPAA forms, the Court agrees with Defendant's argument on this issue as outlined above and is further persuaded by the United States District Court for the Western District of Texas's analysis and reasoning for compelling a plaintiff's signature on a records release:

> The Court agrees with Defendant that, since Plaintiff has the legal right to obtain her medical records from her medical providers upon demand, and since Rule 34 requires her to "permit the requesting party ... to inspect [or] copy" those records, she may be compelled to sign a release authorization by which she directs those who maintain custody of the medical records over which she has control to permit the release of those records for copying or inspection. As the parties do not appear to dispute, records relating to Plaintiff's medical condition are not privileged because Plaintiff has placed her medical condition at issue by asserting personal injury claims. To the extent that Plaintiff is concerned about the release or use of her medical records beyond the scope of this litigation, the parties may consider seeking the entry of a protective order.

*Abrego v. Budget Truck Rental, LLC*, No. 5:17-CV-1045-OLG, 2018 WL 6220163, at *2 (W.D. Tex. Apr. 23, 2018).

7

It appears that Plaintiff has extensive past mental health treatment, which the Court is unable, based on the briefing, to itself separate from Plaintiff's physical condition, and Plaintiff has undoubtedly placed his mental health at issue by virtue of his negligent infliction of emotional distress claims. Under Mississippi law, "[o]ne who injures another suffering from a pre-existing condition is liable for the entire damage when no apportionment can be made between the pre-existing condition and the damage caused by the defendant -- thus the defendant must take his victim as he finds her." *Brake v. Speed*, 605 So. 2d 28, 33 (Miss. 1992). If Plaintiff prevails, Defendant will undoubtedly attempt to prove what portion of Plaintiff's depression, anxiety, or other mental health disorders were preexisting and can be apportioned from the depression, anxiety, or other mental health disorders allegedly caused by Defendants' conduct. Accordingly, Plaintiff shall execute the blanket authorizations (both those including and excluding psychotherapy notes) dating back to 2014 that were provided to him by Defendants Luther and attached in Exhibit K to the instant motion.

Similar reasoning exists for compelling Plaintiff to execute the Administrative Records Release Authorization. Frazier's initial disclosures reveal that Frazier claims to have been disabled starting March 24, 2021, at least partially due to mental health disorders. [Doc. 84], Exh. A at 3. By producing these documents, Plaintiff has affirmatively stated that he may use them to support his claims or defenses under Fed. R. Civ. P. 26(a)(1)(A)(2). While Frazier produced the decision by the Social Security Administration finding him disabled, he has refused to provide a release which would allow Luther to obtain the underlying documents showing the basis for that decision. Accordingly, the undersigned compels Plaintiff to execute the Administrative Records Release

Authorization, which "pertains to the records of any administrative agency, including but not limited to the . . . Social Security Administration."[2] [Doc. 84] at 21.

**Conclusion**

For the reasons stated herein, the Court finds that Defendant Luther's motion to compel [Doc. 84] shall be and is hereby **granted**, consistent with the rulings herein.

**SO ORDERED**, this the 8th day of October, 2025.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**

---

[2] It is unclear to the Court if the "Social Security Administration release" and the "Administrative release" are two separate releases. Exhibit K to the instant motion contains an "Administrative Records Release Authorization" which "pertains to the records of any administrative agency, including but not limited to the . . . Social Security Administration." [Doc. 84] at 21. This specific release contained in Exhibit K is the one Plaintiff is hereby compelled to execute. In the event the Court is mistaken and there exists a separate "Social Security Administration release," if a dispute continues to exist as to execution of that release following the issuance of this Order, the parties may file a motion.