UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

LANCE FRAZIER                                                                               PLAINTIFF

vs.                                                                    Civil No. 3:24-cv-00262-GHD-JMV

JUSTIN LUTHER, individually and
d/b/a LUTHER PROPERTIES, LLC; PHILLIP
KENNEDY; and ANGIE KENNEDY                                                           DEFENDANTS

**OPINION**

Presently before the Court is Defendant Justin Luther and Luther Properties, LLC's (collectively "Defendant Luther") Partial Motion to Dismiss and Motion to Strike [Doc. No. 61]. Defendant Luther moves to dismiss Plaintiff Lance Frazier's ("Plaintiff") Section 3604 Fair Housing Act ("FHA"), negligent infliction of emotional distress, and corporate veil piercing claims. He additionally requests the Court strike several allegations he claims are "scandalous" and "false as a matter of law" [62]. Plaintiff has responded [72], and this issue is ripe for consideration. Based on the reasoning below, the Court finds Defendant's Motion [61] should be granted in part and denied in part.

*I.     Background*

Plaintiff began renting 205B Reynolds Street ("rental property") in Pontotoc, Mississippi, from Defendants Phillip and Angie Kennedy ("the Kennedys") on October 1, 2015, and on March 22, 2022, a new lease was executed with its term ending March 31, 2023 [59]. The rent was $415.00 per month [59-1]. Plaintiff failed to pay his rent for three months after signing the March 22nd rental agreement, so on May 14, 2022, Plaintiff and Phillip Kennedy applied to Lift, Inc. for $1,245.00 in past due rent [59]. Lift, Inc. approved this request on May 27, 2022, and Plaintiff alleges he received and tendered check number 168295 for $1,245.00 to Phillip Kennedy for

backpay on March, April, and May 2022 rent [59]. At the same time, Plaintiff and Phillip Kennedy were applying for the Rental Assistance for Mississippians Program ("RAMP") for past due and prospective rent [59]. RAMP approved this application on May 25, 2025, and Plaintiff alleges the Kennedys received an $830.00 payment for April and May 2022's past due rent, plus a $1,245.00 prospective rent payment for June through August 2022 [59].

On May 31, 2022, the Kennedys sold and deeded the rental property to Defendant Luther [59; 59-4].[1] Plaintiff then alleges the Kennedys failed "to transfer the prospective rent funds totaling $1,245.00 to [Defendant] Luther when he purchased the property," leading him to "demand payment for rent from Plaintiff," beginning in July [59]. Plaintiff states he provided Defendant Luther proof of the Lift and RAMP payments, but Defendant Luther[2] filed to evict Plaintiff anyway on August 22, 2022 [59]. A hearing was set for September 13, 2022, but Defendant Luther filed a police report [7-2] on September 2, 2022, claiming Plaintiff stole an air conditioning unit from the rental property [7-2]. Plaintiff claims he owned the air conditioning unit [1]. Plaintiff further alleges, after Defendant Luther filed the police report, Defendant Luther changed the locks on the rental property's doors, told Plaintiff, "ain't no black man going to owe me money," and then "disposed of all of Plaintiff's property" [1]. The Justice Court granted Plaintiff's eviction on September 13, 2022, and later, Plaintiff was found guilty of petit larceny in Pontotoc Municipal Court on October 4, 2022, for stealing the air conditioner [7-2]. This litigation followed.

---

[1] The Court may take judicial notice of matters of public record, including judicial records. *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 416 (5th Cir. 2021).

[2] For clarity's sake, the "Complaint for Residential Eviction" filed in the Justice Court of Pontotoc County lists "Luther Properties" as the landlord.

2

## II. *Standards of Review*

### A. Motion to Dismiss

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (per curiam) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). "[A plaintiff's] complaint therefore must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007))). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955).

That is, "plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (per curiam) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *Emesowum v. Houston Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (per curiam) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955).

3

### B. Motion to Strike

Regarding motions to strike, Rule 12(f) permits district courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." To prevail on such motion, however, the moving party must show "the pleading to be stricken has no possible relation to the controversy." *U.S. v. Coney*, 689 F.3d 365, 379 (5th Cir. 2012) (citing *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) (quoting *Brown & Williamson Tobacco Corp. v. U.S.*, 201 F.2d 819, 822 (6th Cir. 1953))) (internal quotation marks omitted). Some "showing of prejudicial harm to the moving party" is also necessary. *Augustus*, 306 F.2d at 868 (citing *Kinnear-Weed Corp. v. Humble Oil & Refining Co.*, 214 F.2d 891, 894 (5th Cir. 1954)). Defendant Luther cites a case which succinctly defines Rule 12(f)'s several reasons for striking certain pleadings:

> *Redundant* matter consists of allegations that constitute a needless repetition of other averments in the pleading. *Immaterial* matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded. Immateriality is established by showing that the challenged allegations can have no possible bearing upon the subject matter of the litigation. *Impertinent* matter consists of statements that do not pertain, and are not necessary, to the issues in question; while *scandalous* matter is that which improperly casts a derogatory light on someone, most typically on a party to the action. The granting of a motion to strike scandalous matter is aimed, in part, at avoiding prejudice to a party by preventing a jury from seeing the offensive matter or giving the allegations any other unnecessary notoriety inasmuch as, once filed, pleadings generally are public documents and become generally available.

*Marceaux v. Lafayette Consol. Gov't*, Civ. Action No. 6:12-cv-01532, 2012 WL 5197667, at *1 (W.D. La. Oct. 18, 2012) (citing C. Wright & Miller, 5C Fed. Prac. & Proc.3d § 1382; *Bayou Fleet P'Ship, LLC v. St. Charles Parish*, No. 10-1557, 2011 WL 2680686, at *5 (E.D. La. Jul. 8, 2011)) (emphasis added) (cleaned up).

To be sure, striking a pleading "is a drastic remedy" and "should be sparingly used by the courts." *Id.* (quoting *Brown & Williamson*, 201 F.2d at 868) (internal quotation marks omitted).

4

Indeed, "these requirements constitute a 'high bar' for the movant." *U-Save Auto Rental of America, Inc. v. McDonnell*, No. 3:13-cv-127, 2013 WL 5888241, at *1 (S.D. Miss. Oct. 31, 2013) (quoting *Adams Cnty. Water Ass'n, Inc. v. City of Natchez, Miss.*, No. 5:10-cv-199, 2012 WL 463740 at *2 (S.D. Miss. Feb. 13, 2012)).

### *III. Discussion and Analysis*

The Court first discusses the portion of Defendant Luther's Motion [61] requesting to strike certain pleadings given its obvious impact on the Rule 12(b)(6) analysis. It then adjudicates the portion of Defendant Luther's Motion [61] requesting this Court dismiss claims.

### A. Motion to Strike

Defendant Luther requests this Court strike paragraphs 2, 28, 31, 32, 33, 42, 45, 47, 48, 53, 54, 56, 69, 72, 75, 83, and 84 from Plaintiff's Amended Complaint [59] pursuant to Federal Rule of Civil Procedure 12(f). Defendant Luther argues each paragraph he seeks to strike is either immaterial, impertinent, scandalous, or a combination of the three [62]. For his part, Plaintiff argues all this pleaded material is relevant to his claims [73]. Again, Rule 12(f)'s high bar standard requires Defendant Luther show "the pleading to be stricken [(1)] has no possible relation to the controversy" and (2) prejudices him in some way. *Coney*, 689 F.3d at 379; *Augustus*, 306 F.2d at 868.

The Court first determines whether the allegations contained in paragraphs 2, 31, 32, 42, 45, 48, 53, 54, 56, 69, 75, 83, and 84 are immaterial, impertinent, scandalous, or a combination. Each of these paragraphs contain pleadings regarding Plaintiff's arrest and conviction for stealing the rental property's air conditioner [59]. That subject matter is not immaterial because it has an "important relationship" with Plaintiff's FHA claims. Plaintiff's use of this material is better characterized as "racial animus" evidence, not as an attempted challenge to his original conviction.

5

*Marceaux*, 2012 WL 5197667 at *1. As such, Defendant Luther fails to "establish . . . the challenged allegations can have no possible bearing upon the subject matter of the litigation," and these allegations are material. These allegations are also pertinent because they at least "pertain" evidentially to the issues of the case. *Id.* While these allegations may "offend[] the sensibilities of [Defendant Luther]," this alone does not make them scandalous because they are still "relevant to the action." *Coney*, 689 F.3d at 380 (citing *In re Gitto Global Corp.*, 422 F.3d 1, 12 (1st Cir. 2005) (internal quotation marks omitted). Defendant Luther argues, however, these assertions are prejudicial against his business, but indeed the evidentiary value of these allegations is too intertwined with Plaintiff's causes of action. Therefore, the Court will not strike paragraphs 2, 28, 31, 32, 33, 42, 45, 47, 48, 53, 54, 56, 69, 72, 75, 83, and 84 from Plaintiff's Amended Complaint [59].

Defendant Luther next takes issue with one line from Plaintiff's Amended Complaint: "[o]n or around September 2, 2022, Luther trespassed on the rental property" [59]. Defendant Luther argues Plaintiff's original trespass claim was dismissed [35] and he did not replead it in his Amended Complaint [59]; therefore, this line is immaterial and harms him "by the public airing of such a false accusation" [62]. The Court disagrees and will not strike this line from Plaintiff's Amended Complaint [59] for the same reasons it refused to strike the above listed paragraphs. Defendant Luther finally requests this Court strike paragraphs 28, 47, 69, and 72 which discuss Plaintiff's eviction [59]. The Court will not strike this material because it goes to the very heart of Plaintiff's FHA claims, satisfying the "important relationship" standard for materiality. *Marceaux*, 2012 WL 5197667 at *1. As a result of these findings, the Court must deny the portions of Defendant Luther's Motion [61] which request this Court strike certain pleadings. The Court now turns to the claims which Defendant Luther's Motion [61] requests this Court dismiss.

6

## B. Motion to Dismiss

In his Amended Complaint [59], Plaintiff maintains his Fair Housing Act claims under 42 U.S.C. §§ 3604(a)-(c), his conversion claim, and adds a negligent infliction of emotional distress claim.[3] Defendant Luther requests all but the conversion claim and the Section 3604(c) claim be dismissed pursuant to Rule 12(b)(6). Although not expressly pled, Defendant Luther also requests this Court dismiss Plaintiff's alter ego (*i.e.*, corporate veil piercing) claim. The Court begins with the FHA claims brought under 28 U.S.C. § 1331 federal question jurisdiction because the state law claims brought under 28 U.S.C. § 1367 supplemental jurisdiction require a companion federal claim or face dismissal.

### 1. 42 U.S.C. §§ 3604(a)-(b)

Plaintiff alleges Defendant Luther violated the Fair Housing Act (FHA), which prohibits discrimination in housing based on race and other protected classes. 42 U.S.C. § 3601 *et. seq.* The Section 3604 subsections at issue state in relevant part:

> (a) To refuse to . . . rent after the making of a bona fide offer, or to refuse to negotiate for the . . . rental of, or otherwise make unavailable or deny, a dwelling to any person because of race [or] color.
>
> (b) To discriminate against any person in the terms, conditions, or privileges of . . . rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race [or] color.

42 U.S.C. §§ 3604(a)-(b). In a prior Opinion [35], this Court found the *Rooker-Feldman* doctrine does not deprive this Court of jurisdiction over these claims pursuant to *Land and Bay Gauging, L.L.C., v. Shor*, 623 F. App'x 674 (5th Cir. 2015), but Defendant Luther now argues the Court's analysis was incomplete. He, in essence, contends the Court failed to conduct a collateral estoppel

---

[3] The Court notes at the outset the *Erie* doctrine applies; thus, the Court's determinations regarding the Plaintiff's state law claims are guided by Mississippi state law. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78-80 (1938); *Centennial Ins. Co. v. Ryder Truck Rental, Inc.*, 149 F.3d 378, 382 (5th Cir. 1998).

7

analysis because "*Shor* goes on to make clear that to the extent [a federal claim regarding a party's conduct in obtaining a state court judgment] requires a finding inconsistent with the state court judgment, such claims are barred by collateral estoppel" [62]. Defendant Luther's understanding of *Shor* is almost correct, but his argument breaks down when applied to the facts.

Defendant Luther makes an assumption about and attempts to alter a rule under *Shor*, both of which are *inconsistent* with this Court's findings. To clarify, Defendant Luther is operating under the assumption Plaintiff's claims are "[i]ndependant claims [denying] a legal conclusion of the state court." *Shor*, 623 F. App'x at 680. He also attempts to broaden the Fifth Circuit's "deny" language with "inconsistent." Compare *Shor*, 623 F. App'x at 680, with Memorandum of Law in Support of Defendant Justin Luther and Luther Properties, LLC's Partial Motion to Dismiss and Motion to Strike [62 at p. 7]. While Plaintiff argues his eviction and conviction were "wrongful," this does not necessarily mean *his legal claims* deny the legal conclusions of the state court judgments [59]. As such, and consistent with *Shor*, this Court need not conduct a collateral estoppel analysis; however, it does so in an abundance of caution.

Under Mississippi law, collateral estoppel "precludes relitigating [] specific issue[s] that [were] '(1) actually litigated in the former action; (2) determined by the former action; and (3) essential to the judgment in the former action.'" *Bolton v. John Lee, P.A.*, 405 So.3d 1, 14 (Miss. Ct. App. 2023) (quoting *Gibson v. Williams, Williams & Montgomery P.A.*, 186 So.3d 836, 845 (Miss. 2016)). "It applies only to those issues *actually litigated* . . . in the prior suit." *Id.* (internal quotation marks omitted) (emphasis added). Luther argues collateral estoppel bars Plaintiff's "allegation that Luther violated Section 3604(a) by suing to evict [Plaintiff] despite [Plaintiff] not owing Luther the August 2022 rent" [62]. He also argues collateral estoppel bars Plaintiff's 3604(b) claims, pointing specifically to the allegations "Luther had [Plaintiff] 'wrongfully charged

8

and convicted,'" and "'[d]ue to Defendants' wrongful actions, [Plaintiff] was also wrongfully convicted of a crime" after Defendant Luther filed an allegedly false police report [62].

Though well stated, Defendant Luther's framing of these issues is flawed. Those issues were indeed litigated in the prior action; however, they are not being litigated in this action and are outside the scope of collateral estoppel. *Bolton*, 405 So.3d at 14. As the Court previously stated, Plaintiff's references to his conviction and eviction in the Amended Complaint [59] provide evidentiary value rather than challenge the state court judgments. As a result, collateral estoppel does not bar Plaintiff's FHA claims.

The Court does, however, find Defendant Luther's arguments persuasive regarding Plaintiff's post-September 13, 2022, damage claims. Plaintiff complains of injuries occurring prior to Defendant Luther's obtaining any court orders; therefore, consistent with this Court's prior findings, damages are limited to that time frame [35]. *Shor*, 623 F. App'x at 679-80. The Court must note, though, this does not dismiss Plaintiff's FHA claims, nor does this Court find a state court eviction bars a later FHA claim. This Court merely limits Plaintiff's damage claims up to the September 13, 2022, judgment date.

### 2. Negligent Infliction of Emotional Distress

Finding Plaintiff's federal claims can continue at this juncture, the Court now addresses Plaintiff's state law claims beginning with negligent infliction of emotion distress. To state such a claim, a plaintiff must "(1) plead and prove some sort of injury or demonstrable harm, whether it be physical or mental, and (2) that harm must have been reasonably foreseeable to the defendant." *Wilkerson by and Through Reel v. Allred*, 407 So.3d 218, 228 (Miss. Ct. App. 2024) (quoting *Goode v. Walmart Inc.*, 372 So.3d 149, 164 (Miss. Ct. App. 2023)) (cleaned up). Indeed, the Mississippi Court of Appeals clearly states "'[a] plaintiff may not recover for a claim of negligent

9

infliction of emotional distress without showing that he or she suffered a physical injury.'" *Baur v. Ribelin*, 395 So.3d 1258, 1269 (Miss. Ct. App. 2024) (quoting *Waters v. Allegue*, 980 So.2d 314, 318 (Miss. Ct. App. 2008)) (alterations in original).

Plaintiff acknowledges he suffers anxiety and depression, and he alleges Defendant Luther's actions "exacerbated" these conditions [59]. In fact, Plaintiff's Amended Complaint [59] states his "conditions are so severe that he is unable to be employed full time and receives Social Security Disability for these conditions" [59]. All of this, he claims, was foreseeable to Defendant Luther [59]. Mississippi law sets a "high standard" for plaintiffs who bring negligent infliction of emotional distress claims. *Mesa Underwriters Specialty Ins. Co. v. LJA Commercial Solutions, LLC*, Civ. Act. No. 3:13-cv-29, 2015 WL 4747020, at *2 (S.D. Miss. Aug. 11, 2015) (citing *Illinois Cent. R.R. Co. v. Hawkins*, 830 So.2d 1162, 1174 (Miss. 2002)). Plaintiff's "exacerbated" allegation does not meet this high standard. *Goode*, 372 So.3d at 164 (Miss. Ct. App. 2023). The Court finds Plaintiff's inability to obtain "full time" employment and his receipt of social security benefits unpersuasive because he provides no evidence to show these would not be his circumstances irrespective of Defendant Luther's actions. In fact, his allegations have the opposite effect. Regardless, Mississippi's appellate courts have found situations more dire than Plaintiff's fall short of the high standard required for a negligent infliction of emotional distress claim, and it must therefore be dismissed as implausibly pled. *Id.* (citing example cases where plaintiffs' allegations fall short of the negligent infliction of emotional distress standard).

### 3. Corporate Veil Piercing

Piercing the corporate veil is an extraordinary measure used only "for factual circumstances which are clearly extraordinary." *Gray v. Edgewater Landing, Inc.*, 541 So.2d 1044, 1046 (Miss. 1989). "To pierce the corporate veil of an LLC the complaining party must prove LLC

membership as well as (a) some frustration of contractual expectations, (b) flagrant disregard of LLC formalities by the LLC members, and (c) fraud or misfeasance by the LLC members." *Brown v. Waldron*, 186 So.3d 955, 960 (Miss. Ct. App. 2016) (quoting *Rest. of Hattiesburg, LLC v. Hotel & Rest. Supply, Inc.*, 84 So.3d 32, 39 (Miss. Ct. App. 2012)) (cleaned up). This claim is a nonstarter because Plaintiff "must present some credible evidence on each of these points," and he has not shown enough to overcome Rule 12(b)(6). *Id.* Plaintiff cannot show, nor has he shown, Defendant Luther flagrantly disregarded LLC formalities nor committed any fraud or misfeasance. As a result, Plaintiff has not plausibly pled this claim, and Defendant Justin Luther must be dismissed from the action.

### *IV. Conclusion*

For the foregoing reasons, the Court finds Defendant Justin Luther and Defendant Luther Properties, LLC's Motion to Dismiss [61] should be denied in part regarding Plaintiff's 42 U.S.C. §§ 3604(a)-(b) claims and its request to strike certain pleadings; and granted in part regarding Plaintiff's negligent infliction of emotional distress and corporate veil piercing claims, which requires Defendant Justin Luther's dismissal from this action. Additionally, the Court limits Plaintiff's damages to the time frame between September 2, 2022, and September 13, 2022.

An order in accordance with this opinion shall issue this day.

THIS the ___14th___ day of October, 2025.

SENIOR U.S. DISTRICT JUDGE