IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**LANCE FRAZIER**                                                                  **PLAINTIFF**

**v.**                                     **CIVIL ACTION NO.: 3:24-cv-262-GHD-JMV**

**JUSTIN LUTHER, INDIVIDUALLY and
d/b/a LUTHER PROPERTIES, LLC,
PHILLIP KENNEDY, and ANGIE KENNEDY**                           **DEFENDANTS**

<u>**ORDER GRANTING MOTION TO QUASH**</u>

This matter is before the court on motion of Defendant Luther Properties, LLC and third-party Justin Luther to quash four subpoenas served by Plaintiff. [Doc. 102]. For the reasons below, the motion to quash is granted.

<u>**Background**</u>

The detailed facts of the case have been previously set out in prior filings on the docket (*See* [Doc. 94; 96]), and will not be reiterated herein except to note that, in essence, Frazier sued Luther for racial discrimination under the Fair Housing Act, conversion, trespass, and negligent infliction of emotional distress. All the claims against Justin Luther, individually, have now been dismissed. Frazier's claims for trespass and negligent infliction of emotional distress have been dismissed. Frazier's claim for purported violations of the Fair Housing Act have been limited to the 11 days between September 2, 2022, and September 13, 2022. *See* Order dated October 14, 2025 [Doc. 95].

Following entry of that order, Frazier served subpoenas on BellSouth Telecommunications, LLC [Doc. 100], AT&T Communications [Doc. 99], Cellular South [Doc. 98], and Bandwidth Inc. [Doc. 97], respectively. Each of these subpoenas seeks:

> All text messages, phone calls, photos, videos, and any other electronically stored information for phone (sic) the following phone numbers between the dates of May 2022 through October 2022: (662)-296-1423; (662)-509-8435;[1] (662)-586-1459; (662)-586-1454; (662)-489-9611;[2] (662)-488-0235.[3]

[Doc. 97; 98; 99; 100].

The number ending in 1459, is Luther Properties, LLC phone number. The number ending in 1454 is the former number of Luther Motor Co., LLC, not a party to this action, but apparently a company in which Justin Luther, also not a party,[4] is a member. The number ending in 1423 is non-party Justin Luther's personal phone number.

**Defendant Luther's Argument**

In support of its motion to quash, Luther argues that while the moving party has the burden of demonstrating that compliance with the subpoena would be unreasonable and oppressive,[5] and Federal Rule of Civil Procedure 26(b) grants parties broad discovery rights; it is not, however, 'a license to engage in an unwieldy, burdensome, and speculative fishing expedition.'" *Crescent City Remodeling, LLC v. CMR Constr. & Roofing, LLC*, 643 F. Supp. 3d 613, 616 (E.D. La. 2022) (quoting *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011)). And, in reliance on decisions of courts throughout the Fifth Circuit (discussed below), Luther argues that an overbroad subpoena seeking irrelevant communications must be quashed, and that the instant subpoenas are plainly such inasmuch as they seek a log of and the substance of each and every communication, including photos and videos, sent to or from these numbers over a six-month period.

---

[1] This phone number appears to be associated with a Knight Holdings I, LLC. Luther does not have standing to move to quash this portion of the subpoena.
[2] This phone number appears to be associated with Kennedy Financial Services, P.A. Luther does not have standing to move to quash this portion of the subpoena.
[3] This phone number appears to be associated with Kennedy Financial Services, P.A. Luther does not have standing to move to quash this portion of the subpoena.
[4] As noted above, Justin Luther was dismissed from this action by Order dated October 14, 2025 [Doc. 95].
[5] *See Burdette v. Panola Cnty.*, 83 F. Supp. 3d 705, 706 (N.D. Miss. 2015).

Luther asserts that in this Circuit, courts have routinely found that seeking *all* phone messages, text messages, voicemails, and phone logs is inherently overbroad. *See e.g. Crescent City*, 643 F. Supp. 3d at 619-620; *Blackmon v. Bracken Constr. Co., Inc.,* No. CV 18-142-BAJ-RLB, 2019 WL 5866070, at *3 (M.D. La. Nov. 8, 2019); *Winter v. Bisso Marine Co.,* No. CIV.A. 13-5191, 2014 WL 3778833, at *2 (E.D. La. July 29, 2014). Courts have also followed this same logic in circumstances involving archives of personal records, where only a subset of those records might have any relevance. *See Ruiz v. Home Depot U.S.A., Inc.*, No. 3:22-cv-2266, 2024 WL 2982042, at *5 (N.D. Tex. June 13, 2024); *Hammons v. Kirk Bros., Inc.*, No. 4:22-cv-37, 2022 WL 2707736, at *4-5 (N.D. Miss. July 12, 2022).

That is because "[d]istrict courts in the Fifth Circuit generally look with disfavor on subpoenas that require production of documents that are not actually related to a claim or defense." *EEOC v. Skywest Airlines, Inc.*, No. 3:22-cv-1807, 2024 WL 84211, at *2 (N.D. Tex. Jan. 8, 2024) (collecting cases). Courts applying these principles have often found that these overbroad subpoenas should not be limited but should, instead, be quashed as they are "unsalvageable." *See Lee v. City of Midland*, No. 7:22-cv-185, 2024 WL 4005959, at *12 (W.D. Tex. Feb. 15, 2024) (quoting *Nugent v. Scott Fetzer Co.*, No. 19-14759, 2020 WL 1322268, at *12 (E.D. La. Mar. 20, 2020) (citing *Hosseinzadeh v. Bellevue Park Homeowners Ass'n*, No. C18-1385, 2020 WL 3271769, at *3 (W.D. Wash. June 17, 2020)).

**Plaintiff's Response**

By way of response to the motion to quash, the Court notes that the Plaintiff has not undertaken the seemingly impossible task of arguing that the subpoenas are not overly broad, but instead, appears to offer by way of excuse for the issuance—though notably not for the breadth

3

of—the subpoenas that they were necessary to issue because some of Defendant's prior discovery responses were inadequate.

With respect to the subpoenas' apparent overbreadth, Plaintiff offers only: "In this case, Frazier is amenable to narrowing the timeframe of the subpoenas to January 2022 through October 15, 2022, if necessary." [Doc. 107] at 4.

**The Court's Findings**

On their face, the instant subpoenas are entirely overly broad and seek mountains of undiscoverable information. So much so that engaging in the process of weighing any benefit versus the overbreadth is seemingly unnecessary.[6] To the extent a further explanation is needed, suffice it to say that the requested information would necessarily capture a bevy of unquestionably irrelevant matters to include communications on subjects involving, likely, children, parents, friends, customers, marital concerns, health information, and financial and other proprietary and confidential information, including attorney-client privileged information, as well as literally so many other irrelevant matters as to defy ever making an all-inclusive listing.

Moreover, the suggestion that somehow such overly broad and irrelevant subpoenas are justified by what Plaintiff alleges were Defendant's inadequate responses to written discovery is unpersuasive for a number of reasons, to include not just the fact that the Defendant denies such inadequacy, but more importantly, the fact that the Federal Rules of Civil Procedure provide a means to properly challenge the sufficiency of discovery responses (and they do not include

---

[6] Nevertheless, to the extent mandated by *E.A. Renfroe & Co. v. Moran, Case No. 3:07-MC-036-SAA,* 2007 WL 4276906, at *2 (N.D. Miss. Dec. 3, 2007), I find that each of the factors to be examined in order to weigh the benefit versus the burden weigh overwhelmingly in favor of a finding of unwarranted burdensomeness as follows: (1) the information requested is inclusive of volumes of irrelevant information; (2) Plaintiff has not demonstrated a need for such irrelevant information; (3) the documents sought are on their face overly broad; (4) the time period covered by the request is as well; (5) the Plaintiff has not described the requested documents with any specificity; and (6) the burden imposed is potentially very significant given that even priest/parishioner communications are captured, among too many to name other confidential communications, and are irrelevant to the instant case.

propounding subpoenas to third parties intended to capture large quantities of entirely irrelevant information). In this case, the docket reflects no utilization by Plaintiff of the recognized means to address such inadequacies.

As for Plaintiff's further suggestion that the overbreadth of the subject subpoenas could be cured by the Court "narrowing the timeframe of the subpoenas to January 2022 through October 15, 2022[,]" that is an obvious nonstarter since, far from narrowing the information sought in any fashion, such a modification would extend the time period for which the irrelevant information was requested from six months to ten months. [Doc. 107].

In short, the subpoenas subject to this motion—namely, BellSouth Telecommunications, LLC (DE 100), AT&T Communications (DE 99), Cellular South (DE 98), and Bandwidth Inc. (DE 97)—are grossly overly broad and are quashed.

Accordingly, Defendant Luther Properties, LLC and third-party Justin Luther's motion to quash four subpoenas served by Plaintiff [Doc. 102] shall be and is hereby **GRANTED.**

**SO ORDERED**, this the 5th day of December, 2025.

>  */s/ Jane M. Virden*
>  **UNITED STATES MAGISTRATE JUDGE**